## Independence Township Supervisor

PER CURIAM, September 30, 1970.—On May 9, 1970, George Brunton, one of the Supervisors of Independence Township, a second class township, in Beaver County, Pa., resigned from the office of supervisor. The two remaining supervisors have been unable to fill the vacancy created on the board by Mr. Brunton's resignation. Since then, Mr. Brunton has expressed his willingness to continue as the supervisor and complete the balance of his term for which he was elected by the people of the township. A petition has been presented to this court asking that Mr. Brunton be appointed to fill the vacancy created by his own resignation. Another petition has also been filed with the court requesting the appointment of Kenneth L. Salsbury to fill the vacancy.

The long-established policy of this court in matters of this nature was appropriately expressed by the former president judge of this court, the Hon. Ralph F. Scalera, in In re Vacancy in the Office of Supervisor of the Township of Pulaski, no. 68 of 1969, as follows:

"The Legislature, while imposing upon the court the duty of making such appointments, never provided any standards or guidelines to be followed in making the appointment, other than that the appointee must be a registered voter of the municipality. The long-standing policy of this court has been that in making such appointments the appointee should be a member of the same political party as the person whose position is to be filled. *This principle approximates as closely as possible the will of the electorate of the community.* We believe that this policy which has guided the Judges of this court in the past is a wise one." (Italics supplied.)

Also see In re Township Commissioner Vacancy, 28 Beaver 179 (1968).

This same policy was expressed by the late Judge McCreary and former Judge Sohn of this court in petition to Fill Aliquippa School Board Vacancy, 21 Beaver 241 (1960), as follows:

"The stability of, and the confidence of the public in our legal system, make it imperative that judges be consistent, fair and impartial in all matters coming before the courts. In matters such as this, we should consider the will of the electorate if it has been indicated. In deciding the issue presently before the court, we are not without precedent. In re Petition for Appointment of School Director for the School District of the Borough of Midland, Pennsylvania, 132 March Term, 1950, our court indicated that we should 'take into consideration, as an important factor, the wishes of the people as a whole in the municipality where the vacancy occurs, all other factors being equal.' "

In this case, both men on whose behalf petitions have been filed are qualified, competent and able. Both of them are men of integrity and active in civic affairs. Although not contained in the petitions, the court is aware that Mr. Salsbury served with distinction as a school director in Independence Township for a number of years. In addition, Mr. Brunton has served as a supervisor in the township since January 1956. We are satisfied, beyond question, that both men would serve the citizens and inhabitants of Independence Township sincerely and conscientiously. Our task, in a case such as this, is an exceedingly difficult one under these circumstances. However, in compliance with the legislative mandate, and in accordance with the long-established policy of this court to approximate as closely as possible the will of the electorate of Independence Township, we have concluded that Mr. Brunton should be appointed to complete his unexpired term to which he was elected, on the Board of Supervisors. Mr. Brunton submitted his candidacy to the citizens of Independence Township through the democratic process. The electors quite clearly voiced and expressed their approval of Mr. Brunton and his performance of his duties as a supervisor. We know of no reason or justification for interfering with the will of the electorate or of abandoning the long-established policy that has guided the judges of this court in the past. By the appointment of Mr. Brunton, the citizens of the township will continue to receive those services which they themselves approved and selected. For these reasons we make the following

## ORDER

Now, September 30, 1970, it is ordered and directed that George Brunton be and he hereby is appointed as a supervisor of the Township of Independence, Beaver County, Pa., to serve for the unexpired term to which he was last elected.